# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

Thomas L. Graham, )
                Movant, )
vs. ) No. 10-00972-CV-W-FJG
United States of America, ) Crim. No. 08-00337-01-CR-W-FJG
                Respondent. )

## ORDER

Pending before this Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. No. 3, filed on October 25, 2010). The Court finds that it has jurisdiction over this matter.

Movant pleaded guilty on May 27, 2009 to a one-count information, pursuant to a written plea agreement, to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). On September 17, 2009, the Court sentenced movant to 115 months imprisonment. Movant appealed, arguing that this sentence was unreasonable, but the Eighth Circuit dismissed the appeal, finding that it fell within the scope of the appeal waiver in movant's plea agreement. Movant has now filed the present motion.

Movant asserts ineffective assistance of counsel in the following respects: (a) failing to file a motion to suppress conflicting statements from witnesses; (b) having conflict of interest based on disagreements between movant and counsel; (c) failing to notify movant of his sentencing range; (d) failing to inform movant of his appeal rights; (e) failing to ask for an evidentiary hearing to determine the government's evidence against him; (f) failing to object to the presentence investigation report; and (g) failing to submit mitigating factors. Movant also makes a claim of actual innocence.[1]

---

[1] Movant also filed what he captioned a "Federal Rules of Civil Procedure Rule 15(d) Supplemental Pleading." Doc. No. 7, filed on January 6, 2011. In that document, movant indicates another ground for ineffective assistance of counsel, that counsel made remarks at sentencing that were detrimental to movant (regarding other un-charged crimes). The government argues in response (Doc. No. 12) that this supplemental pleading does not comply with Rule 15(d) and should be dismissed, as the facts alleged therein were available to movant at the time he presented his original

To establish a claim for relief based upon ineffective assistance of counsel, petitioner must show that counsel failed to exercise the skill and diligence that a reasonably competent attorney would have exercised under similar circumstances. Thomas v. Lockhart, 738 F.2d 304, 307 (8th Cir. 1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Petitioner must also demonstrate that he was prejudiced by the alleged incompetence of counsel by showing the existence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

## JUDGMENT

The Court has reviewed movant's motion (Doc. No. 3), respondent's opposition (Doc. No. 9), movant's reply (Doc. No. 16) and the record in the underlying criminal case, and finds that movant's allegations are without merit for the reasons stated in respondent's opposition. Therefore, movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 3), filed October 25, 2010, is denied.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

      /s/Fernando J. Gaitan, Jr.
      Fernando J. Gaitan, Jr.
      Chief United States District Judge

Dated: 04/26/11
Kansas City, Missouri

---

2255 motion. The Court agrees with the government, and finds that this supplemental motion should be disregarded. Moreover, even if the Court had considered the issues raised in the supplemental motion, movant still would not have demonstrated entitlement to relief.

2